# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| United States of America | JUDGMENT IN A CRIMINAL CASE |
| Vs. | (Probation) |

**STEVEN MCCALLA**
DOB: 01/14/1984

Case No. **2020 CMD 009332**
PDID: **586351**
DCDC No:

**THE DEFENDANT HAVING BEEN FOUND GUILTY ON THE FOLLOWING COUNT(S) AS INDICATED BELOW:**

| Count | Court Finding | |
|---|---|---|
| 1 | Found Guilty - Plea | Simple Assault |

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
11/18/2025
LAURA A. AUSTIN, CLERK
BY: s/K. Lokey
    DEPUTY CLERK

## SENTENCE OF THE COURT

**Count 1 Simple Assault** Sentenced to 90 day(s) incarceration, execution of sentence suspended as to all, *Supervised Probation for 1 year(s), $50.00 VVCA, VVCA Due Date 11/05/2022

- **Upon release, Defendant shall by the next business day contact CSOSA's intake unit at 202-585-7233 or rap.help@csosa.gov for initial intake/processing. Alternatively, CSOSA has a Duty Office present 633 Indiana Ave, NW, for defendants who report in person and/or do not have electronic means to contact CSOSA.**

Defendant is hereby ordered placed on probation - See Page 2 of this Order for Conditions of Probation; *upon release from either the courtroom or incarceration, Defendant must report to 633 Indiana Avenue, NW, **8th Floor**, Washington, DC, by the next business day after release from jail or prison.*

Total costs in the aggregate amount of $ __**50.00**__ have been assessed under the Victims of Violent Crime Compensation Act of 1996, and ☐ have ☑ have not been paid. ☐ Appeal Rights Given ☐ Gun Offender Registry Order Issued
☐ Sex Offender Registration Notice Given ☐ Domestic violence notice given prohibiting possession/purchase of firearm or ammunition
☐ In addition to any condition of probation, restitution is made part of the sentence and judgment pursuant to D.C. Code § 16-711.

| 11/5/2021 | | *[signature]* |
| Date | | JONATHAN H PITTMAN |
| | | Judge |

Entered by Clerk pursuant to Criminal Rule 32(f)

| 11/5/2021 | | Walter Claros |
| Date | | Deputy Clerk |

CDJCPROB.doc



CASE NUMBER: **2020 CMD 009332**

DEFENDANT: **STEVEN MCCALLA**

The Defendant is hereby placed on *Supervised Probation*   for a term of   **1 year(s)**.

## GENERAL CONDITIONS OF PROBATION

1. Obey all laws, ordinances, and regulations.
2. Report to CSOSA today and then for all appointments scheduled by your Community Supervision Officer (CSO).
3. Permit your CSO to visit your place of residence.
4. Notify your CSO within one business day of (A) an arrest or questioning by a law enforcement officer, (B) a change in your residence, or (C) a change in your employment.
5. Obtain the permission of your CSO before you relocate from the District of Columbia.
6. Do not illegally possess or use a controlled substance or any paraphernalia related to such substances (you may take lawfully prescribed medication). You must not frequent a place where you know a controlled substance is illegally used or distributed.
7. You must drug test at the discretion of CSOSA. In the event of illicit drug use or other violation of conditions of probation, participate as directed by your CSO in a program of graduated sanctions that may include periods of residential placement or services.
8. Participate in and complete CSOSA's employment/academic program, if directed by your CSO.
9. Participate in and complete other CSOSA's programs as identified through CSOSA's risk and needs assessment.
10. Satisfy all court imposed financial obligation(s) (fines, restitution, Victim of Violent Crime Act assessments, etc.) to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by your CSO. A payment plan will be established by your CSO so that you will be in a position to pay your court imposed financial obligation(s) within 90 days prior to the termination of your probation.

## SPECIAL CONDITIONS OF PROBATION

1. Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your CSO.
2. Restitution of $ _____ in monthly installments of $ _____ beginning _____
   ☐ The Court will distribute monies to: _____
   _____

3. ☑ See Attached Stay Away Form

You are not to have contact with any of the persons named above. You must remain at least 100 yards away from them, their home, and/or their places of employment. You are not to communicate, or attempt to communicate with any of these persons, either directly or through any other person, by telephone, written message, electronic message, pager, or otherwise, except through your lawyer.

4. **Other Special Conditions**: Mental Health assessment and treatment as deemed appropriate by CSOSA.
   Drug and Alcohol testing and treatment as deemed appropriate by CSOSA.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION
UNITED STATES
VS
MCCALLA, STEVEN
CCN #: **20175822**
Arrest Number: **062022646**

The event occurred on **12/11/2020** at approximately **13:00** at **210 63RD STREET NE, WASHINGTON, DC 20019**

BWC ACTIVATED.

This statement of facts is based on my best recollection without having the legal authorization to review any associated body-worn camera footage to assist in writing this statement.

On Friday, December 11, 2020, Officer Bronstein #5632, Officer Brooks #5633, and Officer Flanigan #3648, received a call for service through the dispatcher to respond for an ADW Stick that just occurred at 210 63rd St. NE

Upon arriving on the scene, Officer Bronstein, met with V-1. V-1 immediately pointed out an individual identified as Steven McCalla, who here in will be referred to as D-1. V-1 reported D-1 came from behind him and struck V-1 with a stick. The stick was later determined to be a metal pole.

V-1 advised that he was leaning on the front of a vehicle and was on the phone with his sister when D-1 came from behind and struck him in the back of his right leg. V-1 reported he does not know D-1 and had no prior interactions with D-1 prior to the assault.

Several witnesses were located and interviewed on the scene. RP-1 was interviewed and reported that he observed D-1 strike V-1 with a pole in the back of the leg. RP-1 stated after striking V-1, D-1 put the pole in a blue car and walked away.

W-1 and W-2 were interviewed and both stated they observed D-1 strike V-1 on the back of his leg with a metal pole. W-2 physically demonstrated with his hands to Officer Bronstein how D-1 struck V-1 with the metal pole.

The mother of D-1 was on the scene and opened a Toyota Camry, blue in color, bearing DC hard tags EX8616 and gave Officers a metal pole out of the back seat. The mother reported she did not observe the offense. The metal pole was taken as evidence and placed on Property Book 2267, page 142.

D-1 was interviewed by Officers but refused to give a statement of what had occurred.

V-1 was transported to Howard for further medical attention. V-1 has no life threatening injuries. Officer Bronstein observed a contusion and swelling on the back of V-1's right leg. Photos were taken and uploaded to Evdence.com

V-1 verbally identified D-1 on scene as the suspect who assaulted him at 1331 hours. V-1 complained of discomfort and pain to his right calf.

D-1 was placed under arrest for Assault with a Dangerous Weapon (Pole) and was transported to Sixth District Cell Block for processing.

The event and acts described above occurred primarily in the District of Columbia and were committed as described by defendant(s) listed in the case caption.

Subscribed and sworn before me this **12/11/2020**

**BRONSTEIN, MARINA / 5632 / 11523 (12/11/2020) E-SIGNATURE**                **HILL, SEAN / 6853 (12/11/2020) E-SIGNATURE**

Police Officer / Badge# / CAD#                                         Unit                  Witness / Deputy Clerk

Pg. 1 of 2

**BRONSTEIN, MARINA / 5632 / 11523**                                                                                           **HILL, SEAN / 6853**

Printed Name of Member / Badge# / CAD#                                                          Printed Name of Witness / Deputy Clerk

Pg. 2 of 2

The foregoing statement was made under penalty of criminal prosecution and punishment for false statements pursuant to D.C. Code 22-2405

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

## INFORMATION

DCTN: U20029802
Lockup No: 18
Case No:
Citation Date:

The United States Attorney for the District of Columbia informs the Court that within the District of Columbia:

**Defendant's Name:** Steven N Mccalla          586351    20175822    01/14/1984
(First)    (MI)    (Last)            (PDID)    (CCNO)    (DOB)

**Also Known As:** Steven N Mccalla
(First)    (Middle)    (Last)

**Address:** 425 2ND STREET NW, WASHINGTON DC

1  On or about December 11, 2020, within the District of Columbia, Steven N Mccalla unlawfully assaulted and threatened Jorge Ramirez in a menacing manner.  **(Assault, in violation of 22 D.C. Code, Section 404 (2001 ed.))**

2  On or about December 11, 2020, within the District of Columbia, Steven N Mccalla attempted to possess unlawfully, with intent to use against another, a metal pole.  **(Attempted Possession of a Prohibited Weapon, in violation of 22 D.C. Code, Sections 4514 (b), 1803 (2001 ed.))**

**Co-Defendants:**

Rule 105: ☐    Judge: _____

**United States Attorney for the District of Columbia**

**By:** Assistant United States Attorney            **Date:** December 12, 2020

**By Officer:** _____            **Badge No.:** _____

PSA: 608    Domestic ☐